**HIGH FIVE INVESTMENTS, LLC, and Shannon Video, Inc., d/b/a Entice Adult Superstore, d/b/a Entice Movies and Novelties, Plaintiffs,**

v.

**FLOYD COUNTY, GEORGIA, Defendant.**

**No. 4:06 CV 0190 HLM.**

United States District Court,
N.D. Georgia,
Rome Division.

Jan. 10, 2007.

Alan Ian Begner, Cory Goldsmith Begner, Begner & Begner, Atlanta, GA, for Plaintiffs.

Scott D. Bergthold, Office of Scott D. Bergthold, Chattanooga, TN, Thomas Hunter Manning, Smith Shaw & Maddox, Rome, GA, for Defendant.

## ORDER

HAROLD L. MURPHY, District Judge.

This is a civil rights action in which Plaintiffs claim that an ordinance enacted by Defendant restricting the location of adult entertainment venues violates Plaintiffs' First Amendment rights. The case is before the Court on Defendant's Motion for Protective Order [26] and Defendant's Renewed Motion for Protective Order [42].

## I. Background

On August 17, 2006, Plaintiffs filed this lawsuit. On November 20, 2006, Plaintiffs served deposition notices for John Mayes, Jerry Jennings, Chuck Hufstetler, Garry Fricks, and Tom Bennett, all of whom were Floyd County Commissioners.

On December 5, 2006, Defendant filed a Motion for Protective Order as to the deposition notices served on Commissioners Mayes, Jennings, Hufstetler, Fricks, and Bennett. Defendant argued that the deposition notices sought testimony concerning (1) whether the Commissioners enacted the ordinance at issue because the Commissioners disagreed with Plaintiffs' sexually explicit message, and (2) the extent to which the Commissioners reviewed the voluminous studies and case law on which Defendant reportedly relied in enacting the ordinance. Defendant argued that those two areas of inquiry were irrelevant to this case because: (1) an alleged illicit motive does not render an otherwise constitutional law infirm; and (2) local government officials are entitled to legislative immunity from depositions. Defendant also contended that the deposition notices failed to comply with the Federal Rules of Civil Procedure.

On December 22, 2006, Plaintiffs responded to Defendant's Motion for Protective Order by filing a notice of withdrawal of the deposition notices to Commissioners Bennett, Fricks, Hufstetler, Jennings, and Mayes. In lieu of those deposition notices, Plaintiffs served a notice of deposition on Defendant pursuant to Federal Rule of Civil Procedure 30(b)(6). The Rule 30(b)(6) deposition notice demands that Defendant produce a designated agent for deposition on January 17, 2007, at 1:00 p.m., and further provides:

> Such designated agent(s) will be prepared to testify with regard to the ordinance's enactment process, each and every governmental interest meant to be furthered by the provisions of Floyd County Ordinance 2006–002A, how such interests are furthered by the regulations, and the origin, timing, and authenticity of all materials the County relied upon for enactment of said ordinance.

(Docket Entry No. 37 at 1–2.)

On January 9, 2007, Defendant filed a Renewed Motion for Protective Order pertaining to the Rule 30(b)(6) deposition notice. Defendant argues that Plaintiffs' Rule 30(b)(6) deposition notice intends to conduct the same allegedly improper and irrelevant inquiries as anticipated by Plaintiffs' original deposition notices to the individual Commissioners. Defendant argues that the enactment process for the ordinance is a matter of public record, and that this proposed area of inquiry is irrelevant. Defendant also contends that the ordinance itself states the governmental interests "meant to be furthered" by the ordinance, and that the only other way to determine what the Commissioners meant in enacting the ordinance is to interview the Commissioners to inquire about their legislative motive, which is an improper area of inquiry. Defendant further argues that the topic of "how such interests are furthered by the regulations" clearly asks for legal analysis pertaining to the substantial government interest, and that this question is a matter of law, not of fact. Finally, Defendant contends that the topic concerning the "origin, timing and authenticity of all materials the County relied upon for the enactment of said Ordinance" is irrelevant to the constitutionality of the ordinance. Because the Court has concluded that the Renewed Motion for Protective Order is due to be denied, and because the deposition noticed is scheduled to occur within less than one week and will require Defendant to prepare a witness to testify on the issues contained in the Rule 30(b)(6) notice, the Court will not require Plaintiffs to file a response to the Motion.

## II. Discussion

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery, and provides, in relevant part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible

at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). Federal Rule of Civil Procedure 26(c) states, in relevant part:

Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed.R.Civ.P. 26(c). Keeping those rules in mind, the Court addresses Defendant's contentions.

 First, the Court cannot find that an inquiry concerning "the ordinance's enactment process" is irrelevant because the minutes of the public meetings purport to reveal that process. This inquiry is relevant to Plaintiffs' claims and to this action.

 Second, the Court finds that the area of inquiry concerning the interests "meant to be furthered" by the ordinance may not impermissibly seek the mental processes or intentions of the individual Commissioners, or otherwise seek information irrelevant to Plaintiffs' constitutional claims. By including this area of inquiry, Plaintiff may seek information that is pertinent to the issues that the Court must resolve in connection with a summary judgment motion.

 Third, the Court cannot, and will not, preclude Plaintiffs from inquiring as to how Defendant believes "such interests are furthered by the regulations" just because Defendant believes that this inquiry is a matter of law, not fact. Indeed, information on this issue is relevant to Plaintiffs' claims, and the Court will not preclude Plaintiffs from obtaining that information.

 Finally, contrary to Defendant's arguments, Plaintiffs are entitled to inquire concerning the "origin, timing and authenticity of all materials relied upon for the enactment of said Ordinance," if only to ensure that those materials, many of which Defendant submitted to the Court, are authentic. This information also is relevant to Plaintiffs' constitutional claims, and the Court will not preclude Plaintiffs from obtaining the information.

In sum, the Court concludes that the information Plaintiffs seek in their Rule 30(b)(6) deposition notice is relevant for the reasons set forth above and in accordance with the Court's Order, and is within the scope of discovery as set forth in Rule 26(b)(1). The Court therefore denies Defendant's Renewed Motion for Protective Order. The Rule 30(b)(6) deposition scheduled for Wednesday, January 17, 2007, may proceed as noticed.

### III. Conclusion

ACCORDINGLY, the Court **DENIES AS MOOT** Defendant's Motion for Protective Order [26], and **DENIES** Defendant's Renewed Motion for Protective Order [42].